UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 19-cr-00614-PJH-1 |
|---|---|
| Plaintiff, | |
| v. | **ORDER TO SHOW CAUSE** |
| JOSE DE JESUS GARCIA RODRIGUEZ, | Re: Dkt. No. 115 |
| Defendant. | |

Before the court is the motion of defendant Jose De Jesus Garcia Rodriguez, appearing pro se, for an order under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. See Dkt. 115.

Under 28 U.S.C. § 2255, a federal prisoner may file a motion to vacate, set aside, or correct a sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

The court conducts a preliminary review of this motion to determine whether it presents a cognizable claim for relief and requires a response by the government. A district court must summarily dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

Defendant is currently serving an 87-month sentence that was imposed after he pled guilty to distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). See Dkt. 96. Defendant's current motion raises two grounds for relief.

First, defendant argues that his plea was involuntary and his counsel ineffective because his attorney "falsely assured me that he had negotiated a 24-30 month prison sentence for me with the United States Attorney." See Dkt. 115 at 4. Defendant's motion further states that he "asked my lawyer to put an exact sentence in my plea agreement but he said it could not be done because the court had the final authority to sentence me but that regardless of the maximum sentence for my conviction my sentence would be between 24 and 30 months in prison." Id.

Second, defendant argues that his plea was involuntary and his counsel ineffective because his attorney did not tell him the immigration consequences of his guilty plea. See Dkt. 115 at 5. Defendant states that he "asked my lawyer if I would be deported as a result of my guilty plea and he said he didn't think so," and that "[b]ecause my lawyer didn't think I would be deported by pleading guilty, I didn't think so either." Id. Defendant argues that "I have now learned that when I complete my sentence I will in fact be deported" and "[h]ad I then known I would automatically be deported for pleading guilty I would not have pleaded guilty." Id.

Based on the court's preliminary review, defendant has presented a cognizable claim for relief, and his motion warrants a response from the government. Accordingly, the court orders the government to show cause why the requested relief should not be granted. The government shall file with the court and serve on defendant, within 35 days of the date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2255 Proceedings, showing cause why the court should not "vacate, set aside, or correct the sentence" on defendant's claims. If defendant wishes to reply to the government's response, he shall do so by filing a reply with the court within 28 days of the date the response is filed.

**IT IS SO ORDERED.**

Dated: November 28, 2022

    /s/ *Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge