UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSE DE JESUS GARCIA RODRIGUEZ,<br><br>    Defendant. | Case No. 19-cr-00614-PJH-1<br><br>**ORDER GRANTING GOVERNMENT'S MOTION FOR LIMITED WAIVER OF ATTORNEY-CLIENT PRIVILEGE; GIVING NOTICE OF LIMITED WAIVER**<br><br>Re: Dkt. No. 120 |

    The government has filed a motion for an order finding limited waiver of the attorney-client privilege, permitting discovery, and staying the order requiring the government to respond to the motion pursuant to 28 U.S.C. § 2255 filed by defendant/movant Jose De Jesus Garcia Rodriguez.  See Dkt. 120.

**LIMITED WAIVER OF ATTORNEY-CLIENT PRIVILEGE**

    Defendant's § 2255 motion asserts the following claims of ineffective assistance of counsel: (1) defendant argues that his plea was involuntary and his counsel ineffective because his attorney "falsely assured me that he had negotiated a 24-30 month prison sentence for me with the United States Attorney," and (2) defendant argues that his plea was involuntary and his counsel ineffective because his attorney did not tell him the immigration consequences of his guilty plea.  See Dkt. 115.

    The government asserts that without being permitted to inquire of defense counsel about defendant's claims of ineffective assistance, the government would not be able to fairly respond to the claims.  See Dkt. 120 at 2.  Accordingly, the government seeks a

limited waiver of the attorney-client privilege on the issues that defendant raises in his motion.

The government correctly asserts that defendant has waived his attorney-client privilege as to his communications with attorney Mark Goldrosen regarding defendant's ineffective assistance claims. "In performing their constitutional duties, the federal courts have determined that claims of ineffective assistance of counsel cannot be fairly litigated unless the petitioner waives his [attorney-client] privilege for the purposes of resolving the dispute." Bittaker v. Woodford, 331 F.3d 715, 722 (9th Cir. 2003). However, while the waiver rule is "sensible and necessary" in practice, "if the federal courts were to require habeas petitioners to give up the privilege categorically and for all purposes, attorneys representing criminal defendants . . . would have to worry constantly about whether their case files and client conversations would someday fall into the hands of the prosecution." Id. at 722.

Thus, the Ninth Circuit has held that "[a] waiver that limits the use of privileged communications to adjudicating the ineffective assistance of counsel claim fully serves federal interests." Id. "At the same time, a narrow waiver rule - one limited to the rationale undergirding it - will best preserve the state's vital interest in safeguarding the attorney-client privilege in criminal cases, thereby ensuring that the state's criminal lawyers continue to represent their clients zealously." Id.

The court in Bittaker also determined that "the holder of the privilege may preserve the confidentiality of the privileged communications by choosing to abandon the claim that gives rise to the waiver condition." Id. at 721.

Consistent with Bittaker, 331 F.3d at 728, the government also requests that the order expressly preclude the government from (1) using the privileged materials for any purpose other than litigating defendant's § 2255 motion, and (2) disclosing the privileged materials to any other persons, excluding other representatives of the United States Attorney's Office and law enforcement agencies assisting in the government's response to the § 2255 motion.

Pursuant to Rule 6(a) of the Rules Governing Section 2255 Proceedings, the court finds good cause for the government to conduct discovery of privileged attorney-client communications subject to waiver of the attorney-client privilege as limited to the matters raised by his ineffective assistance of counsel claims. Any disclosure of confidential attorney-client communications in these proceedings will be subject to a protective order.

To afford defendant an opportunity to preserve the privilege by withdrawing the claims and the government sufficient time to conduct limited discovery, the filing deadlines on the § 2255 motion previously set by the court are hereby vacated.

## NOTICE TO DEFENDANT JOSE DE JESUS GARCIA RODRIGUEZ OF ATTORNEY-CLIENT PRIVILEGE WAIVER

Under the procedure recommended in Bittaker, **the court hereby NOTIFIES defendant Jose De Jesus Garcia Rodriguez, that he may file a notice that he wishes to preserve his attorney-client privilege by (1) abandoning his ineffective assistance of counsel claims and (2) withdrawing his Section 2255 motion to vacate, set aside or correct his sentence.** If defendant chooses to preserve his attorney-client privilege by withdrawing his ineffective assistance of counsel claims, he must file a notice by **January 27, 2023**. If defendant does not timely file such a notice, defendant's attorney-client privilege will be deemed waived as to the matters raised in his § 2255 motion.

If defendant does not withdraw his ineffective assistance of counsel claims, the government may file its opposition to the § 2255 motion by **March 3, 2023**. If defendant wishes to respond to the opposition, he may file a reply with the court by **April 7, 2023,** after which date the matter will be submitted and decided on the papers.

## CONCLUSION

For the reasons set forth above, the court GRANTS the government's motion for limited waiver of the attorney-client privilege to allow defense counsel to provide declarations and documents concerning defendant's claims that counsel was ineffective, and ORDERS as follows:

3

    1. that defendant Rodriguez has waived the attorney-client privilege as to the allegations of ineffective assistance of counsel relating to attorney Mark Goldrosen in Mr. Rodriguez's § 2255 motion;

    2. that the government is granted leave to obtain declarations and documents from attorney Goldrosen in the representation of Mr. Rodriguez in the above-captioned case, on the following subject areas:

        a. defendant's allegation that attorney Goldrosen "falsely assured me that he had negotiated a 24-30 month prison sentence for me with the United States Attorney," and

        b. defendant's allegation that attorney Goldrosen did not tell him the immigration consequences of his guilty plea;

    3. that the government is precluded from using the privileged attorney-client information and material for any purpose other than litigating the instant § 2255 motion; and

    4. that the government may not disclose these attorney-client materials to any other persons, excluding other representatives of the United States Attorney's Office or law enforcement agents who are assisting with the § 2255 motion.

**If Mr. Rodriguez decides to preserve his attorney-client privilege by withdrawing his ineffective assistance of counsel claims, he must file a notice withdrawing his § 2255 motion by January 27, 2023.** If defendant does not timely withdraw the claims of ineffective assistance of counsel, the government may file an opposition by **March 3, 2023**. Defendant may file a reply by **April 7, 2023**.

**IT IS SO ORDERED.**

Dated: December 23, 2022

            /s/ *Phyllis J. Hamilton*
            PHYLLIS J. HAMILTON
            United States District Judge