UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>            Plaintiff,<br>     v.<br>JOSE DE JESUS GARCIA RODRIGUEZ,<br>            Defendant. | Case No. 19-cr-00614-PJH-1<br><br>**ORDER SETTING ADDITIONAL BRIEFING SCHEDULE FOR § 2255 MOTION, DENYING MOTION TO APPOINT COUNSEL**<br><br>Re: Dkt. No. 115, 126, 129 |

Before the court is the pro se motion, as amended, of defendant Jose De Jesus Garcia Rodriguez for an order under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. Defendant's current motion raises two grounds for relief. First, defendant argues that his plea was involuntary and his counsel ineffective because his attorney "falsely assured me that he had negotiated a 24-30 month prison sentence for me with the United States Attorney." See Dkt. 115 at 4. Second, defendant argues that his plea was involuntary and his counsel ineffective because his attorney did not tell him the immigration consequences of his guilty plea. See id. at 5.

Based on preliminary review of the § 2255 motion, the court issued an order to show cause, directing the government to show cause as to why the requested relief should not be granted. See Dkt. 117.

The government then filed a motion for discovery and for a limited waiver of defendant's attorney-client privilege, for the purpose of responding to the allegations of ineffective assistance of counsel. See Dkt. 120. The court provided notice to defendant under the procedure recommended in Bittaker, and when defendant did not withdraw his motion to preserve his attorney-client privilege, the privilege was deemed waived for the limited purpose of this motion. See Dkt. 123.

The government then filed its opposition to defendant's § 2255 motion, along with a declaration from defendant's previous counsel.  See Dkt. 124.  Defendant then filed a reply.  See Dkt. 127.  In his reply, defendant cited the Ninth Circuit's opinion in U.S. v. Rodriguez-Vega, in which the court held that "where the law is 'succinct, clear, and explicit' that the conviction renders removal virtually certain, counsel must advise his client that removal is a virtual certainty."  797 F.3d 781, 786 (9th Cir. 2015) (quoting Padilla v. Kentucky, 559 U.S. 356, 368-69 (2010)).  While the government's opposition brief did cite Rodriguez-Vega, it did not address this particular argument regarding an attorney's duty to advise a client about "virtually certain" immigration consequences.  The government's brief also did not discuss the Padilla case, which defendant argued in reply is "dispositive."  Dkt. 127 at 3.  To allow the government an opportunity to respond to these arguments made in defendant's reply, the court directs the government to file a supplemental opposition to defendant's motion, and then defendant will have the opportunity to file a supplemental reply.

On the same day as filing his reply, defendant also filed an "alternative motion to amend [to] add a 3rd claim for relief."  See Dkt. 126.  The proposed third claim for relief argues that defendant's lawyer was "ineffective for not requesting a deportable-alien-based downward departure."  Id.

As with defendant's first two asserted claims for relief, the court reaches the preliminary conclusion that defendant has presented a cognizable claim for relief, and his motion warrants a response from the government.  Accordingly, defendant's request to amend his § 2255 petition to add a third claim for relief is GRANTED, and the court orders the government to show cause why the requested relief should not be granted.  Because defendant's limited waiver of attorney-client privilege applied to all ineffective assistance of counsel claims raised in this § 2255 petition, the court construes the waiver to include this newly-asserted claim.

The court thus directs the government to file a combined brief, addressing defendant's newly asserted third claim for relief, as well as defendant's argument

regarding counsel's duty under Rodriguez-Vega.  The government shall have until **January 9, 2024** to file its opposition, and defendant shall then have until **January 30, 2024** to file a reply.  The government is further directed to serve a copy of its opposition on defendant.

Defendant has also filed a motion for appointment of counsel to file a motion under 28 U.S.C. § 2255.  See Dkt. 129.  The Sixth Amendment's right to counsel does not apply in habeas corpus actions.  Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986).  However, 18 U.S.C. § 3006A(a)(2)(B) authorizes appointment of counsel to represent a prisoner seeking habeas relief under § 2255 whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation."  Generally, the decision to appoint counsel is within the district court's discretion.  See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986).  The purpose of section 3006A is to provide appointed counsel whenever the failure to do so would amount to a denial of due process.  Id.  Accordingly, in determining whether to appoint counsel, the district court should weigh the ability of a pro se petitioner to present forcefully and coherently his contentions based on a good understanding of the issues.  See LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987).  Where an evidentiary hearing must be held, however, appointment of counsel is mandatory.  See Chaney, 801 F.2d at 1196; see also Rule 8(c) of the Rules on Motion Attacking Sentence Under Section 2255.

At this time, the court does not determine that appointment of counsel is required by the interests of justice.  Thus, defendant's motion to appoint counsel is DENIED.  However, as the case progresses, if circumstances arise rendering an evidentiary hearing necessary, defendant may renew his motion for appointment of counsel.

**IT IS SO ORDERED.**

Dated:  November 28, 2023

       /s/ *Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge